TIFFANY UNDERWOOD
1230 East Auer Avenue, Apt. 111
Milwaukee, Wisconsin 53212

        Plaintiff,                               Case No.: 18-cv-1528

        v.                                 **JURY TRIAL DEMANDED**

RUSS DARROW DODGE, LLC
7676 North 76th Street
Milwaukee, Wisconsin 53223

        Defendant.

## COMPLAINT

COMES NOW Plaintiff, Tiffany Underwood, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4.     Plaintiff, Tiffany Underwood, is an adult female resident of the State of Wisconsin with a post office address of 1230 East Auer Avenue, Apt. 111, Milwaukee, Wisconsin 53212

5.     Defendant, Russ Darrow Dodge, LLC, was, at all material times herein, a commercial entity with a principal address of 7676 North 76th Street, Milwaukee, Wisconsin 53223.

6.     During the relevant time periods as stated herein, Defendant's registered agent for service of process in the State of Wisconsin was Michael W. Darrow, W133 N8569 Executive Parkway, Menomonee Falls, Wisconsin 53051.

7.     Defendant is a car dealership.

8.     Defendant is owned, operated, and managed by Russ Darrow Group, Inc.

9.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

11.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

12.     During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

15. On or about April 11, 2017, Russ Darrow Group hired Plaintiff as a Business Development Center ("BDC") Representative.

16. On or about November 20, 2017, Russ Darrow Group assigned Plaintiff to work at Defendant as a BDC Representative.

17. Plaintiff performed compensable work in the position of BDC Representative during the entirety of her employment with Defendant.

18. Plaintiff performed compensable work in the position of BDC Representative on behalf of Defendant and/or at Defendant's direction during the entirety of her employment with Defendant.

19. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff's job duties included: communicating with customers and third parties via telephone and e-mail; scheduling appointments; and data entry.

20. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff's primary job duty was not sales.

21. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff's job duties did not directly relate to Defendant's management or general business operations.

22. During Plaintiff's employment with Defendant and in furtherance of her job duties as a BDC Representative, Plaintiff did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

23. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff did not have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

24. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff did not manage, run, or operate any department or division of Defendant.

25. During Plaintiff's employment with Defendant and in her position of BDC Representative, no other employees of Defendant reported directly to her.

26. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff did not have the authority or actual ability to hire, fire, demote, promote, and/or establish the terms and conditions of any other employees' employment at Defendant.

27. During Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

28. During the entirety of Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

29. During the entirety of Plaintiff's employment with Defendant and in her position of BDC Representative, Plaintiff frequently worked in excess of forty (40) hours per workweek.

30. During the entirety of Plaintiff's employment with Defendant and in her position of BDC Representative, Defendant knew or had knowledge that Plaintiff was frequently working in excess of forty (40) hours per workweek.

31. During the entirety of Plaintiff's employment with Defendant and in her position of BDC Representative, Defendant tracked and/or recorded Plaintiff's actual hours worked each workweek.

32. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via paycheck.

33. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

34. From approximately November 20, 2017 to June 30, 2018, Defendant compensated Plaintiff with an hourly rate of pay.

35. From approximately July 1, 2018 to September 29, 2018, Plaintiff's last day of work at Defendant, Defendant compensated Plaintiff on a salary basis.

36. The job duties and responsibilities of Plaintiff's BDC Representative position were the same subsequent to July 1, 2018 as they were prior to July 1, 2018.

37. From approximately July 1, 2018 to September 29, 2018, Defendant compensated Plaintiff on a salary basis at the rate of $600.00 per workweek, or $1,200.00 per two-week pay period, based on a forty (40) hour workweek.

38.     During Plaintiff's employment with Defendant, and specifically during Defendant's pay period ending on August 25, 2018, Defendant deducted $240.00 from Plaintiff's previously-earned wages during the workweeks that comprised this pay period.

39.     During Plaintiff's employment with Defendant, and specifically during Defendant's pay period ending on August 25, 2018, Plaintiff did not authorize Defendant's $240.00 deduction in any way.

40.     During Plaintiff's employment with Defendant, and specifically during Defendant's pay period ending on August 25, 2018, Plaintiff did not consent to Defendant's $240.00 deduction in writing prior to the deduction.

41.     During Plaintiff's employment with Defendant, and specifically during Defendant's pay period ending on August 25, 2018, Defendant did not make the $240.00 deduction: (1) because Plaintiff was absent from work for one or more full days for personal reasons other than sickness or disability; or (2) pursuant to or in accordance with a bona fide plan, policy or practice of providing compensation for salary lost due to illness.

42.     During Plaintiff's employment with Defendant, and specifically during Defendant's pay period ending on September 22, 2018, Defendant made deductions from Plaintiff's previously-earned wages during the workweeks that comprised this pay period. Plaintiff did not authorize the deduction in any way. Plaintiff did not consent to the deduction in writing prior to the deduction, and Defendant did not make the deduction: (1) because Plaintiff was absent from work for one or more full days for personal reasons other than sickness or disability; or (2) pursuant to or in accordance with a bona fide plan, policy or practice of providing compensation for salary lost due to illness.

43.     During Plaintiff's employment with Defendant and from approximately July 1, 2018 to September 29, 2018, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

44.     During Plaintiff's employment with Defendant and from approximately July 1, 2018 to September 29, 2018, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

45.     Defendant knew or should have known that, from approximately July 1, 2018 to September 29, 2018, Plaintiff must be compensated with overtime pay at a rate of time and one half for all hours worked (and for all hours Defendant suffered or permitted her to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

46.     Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

47.     Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during her employment from approximately July 1, 2018 to September 29, 2018 for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (OVERTIME PAY – MISCLASSIFICATION – AND UNLAWFUL DEDUCTION)

48.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

50.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

51.     During the entirety of her employment with Defendant, Plaintiff's primarily performed non-exempt duties in his position of BDC Representative and, thus, was entitled to overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

52.     Defendant violated the FLSA by unlawfully failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

53.     Defendant violated the FLSA by unlawfully making deductions from Plaintiff's previously-earned wages during the workweeks that comprised Defendant's pay periods ending on August 25, 2018 and September 22, 2018.

54.     Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, and its other unlawful actions were willfully perpetrated. Defendant did not act in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA,

and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

55. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

56. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

57. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (OVERTIME PAY – MISCLASSIFICATION – AND UNLAWFUL DEDUCTION)

58.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

59.     At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

60.     At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

61.     At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

62.     At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

63.     During Plaintiff's employment with Defendant, Plaintiff regularly worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay.

64.     At all times material herein, Wis. Stat. § 103.455 was applicable to Plaintiff's employment with Defendant, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

65.     During Plaintiff's employment with Defendant and specifically during Defendant's pay period ending on August 25, 2018 and September 22, 2018, Defendant made deductions from Plaintiff's previously-earned wages during the workweeks that comprised these pay periods. Plaintiff did not authorize the deduction and did not consent to these deductions in writing prior to the deduction.

66.     The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

67.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

68.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Order Defendant to make Plaintiff whole by reimbursing her for its unlawful deduction, in violation of the WWPCL;

3.  Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

4.  Grant to Plaintiff liquidated damages against Defendant; and

5.  Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 28th day of September, 2018

                                WALCHESKE & LUZI, LLC
                                Counsel for Plaintiff

                                ***s/ Scott S. Luzi***
                                James A. Walcheske, State Bar No. 1065635
                                Scott S. Luzi, State Bar No. 1067405
                                David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com